UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

THEODOROS GEORGE DIMOPOULOS,

Plaintiff,

versus                              Case No. SA-06-CA-1011-OG

ALBERT WILEY BLAKEWAY, ACTING DISTRICT DIRECTOR
FOR THE CITIZENSHIP AND IMMIGRATION SERVICES, et alia,

Defendants.

PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT

Plaintiff opposes the Defendants' latest Motion to Dismiss and respectfully states as follows:

I.      **Section 1447(b) Strips Defendants of Jurisdiction to Act on an Application for Naturalization Once a Complaint Is Filed in District Court**

Defendants state that the Plaintiff relies "primarily" on the Ninth Circuit's opinion in *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004) (en banc) which concluded that the Citizenship and Immigration Services (CIS) had no authority to act on an application for naturalization after a complaint was filed in district court under 8 U.S.C. § 1447(b), such that a subsequent approval by CIS would be void. (Defendants' Response at 3.) "If *Hovsepian* were the only case that had ruled on this issue," Defendants claim, "Plaintiff might have some argument." Defendants then point to a recent (February 1, 2007) opinion from the District of New Jersey which concluded that § 1447(b) grants concurrent jurisdiction to decide an application for naturalization to both the CIS and the district court. *Perry v. Gonzales*, ___ F. Supp. 2d ___, 2007 U.S. Dist. LEXIS 7039 (D.N.J. Feb. 1, 2007).

### A.     The *Perry* case has little value as persuasive authority.

*Perry* and *Hovsepian* do not carry comparable weight in their value as persuasive authority.  *Perry* was decided *sua sponte*, without benefit of briefing or oral argument from either side.  *Id.* at *2, *4.  *Perry* will certainly not be appealed, and thus will not be reviewed by the Third Circuit, as the plaintiff sought naturalization and by the terms of the decision he received naturalization.  Whether the court's legal analysis is correct will not concern him, so long as he obtains that which he sought: U.S. citizenship.  By contrast, *Hovsepian* was decided by an *en banc* panel of the Ninth Circuit after full briefing and argument.  An analysis by eleven judges and an opinion issued with no dissents carries significantly more weight, one would hope, than an analysis by a single judge, particularly when the decision was made without the benefit of briefing and argument and is highly unlikely to be reviewed on appeal.

### B.     The majority of cases and circuits follow *Hovsepian*; the *Perry* analysis is in the minority.

#### 1.  The First, Second, Sixth, Seventh, and Eleventh Circuits

The defendants are simply incorrect in claiming before this Court that *Hovsepian* is the only word on this issue before this Court.  Besides the Court of Appeals in the Ninth Circuit, district courts in the First, Second, Sixth, Seventh, and Eleventh Circuits have all found § 1447(b) to strip jurisdiction of the CIS to decide an application for naturalization.  Indeed, Plaintiff's Response cites to *Meyersiek v. United States Citizenship & Immigration Service*, 2006 U.S. Dist. LEXIS 37255, *5 (D.R.I. June 6, 2006) ("Once the 120-day period after the date of his examination expired, he was free to file his action in federal district court and at the point that he filed, USCIS no longer had the power to grant or deny his application."); *Zaranska v. United States Dept. of Homeland Security*, 400 F.Supp. 2d 500 (E.D.N.Y. 2005) (refusing to remand application to USCIS where the agency purported to deny application after applicant filed suit in district court); *Meraz v. Comfort*, 2006 U.S. Dist. LEXIS 19591 (N.D. Ill. Mar. 9, 2006) (holding

2

that § 1447(b) prevents USCIS from exercising jurisdiction once applicant for naturalization filed suit in the district court and ruling that USCIS's subsequent denial of application was ineffective); *Zaidi v. Chertoff*, 2006 U.S. Dist. LEXIS 79831, *8 (N.D. Il., Nov. 1, 2006) ("[A] decision by USCIS after the applicant has filed his complaint in district court, pursuant to § 1447(b), is void."); *Alghamdi v. Ridge*, 2006 U.S. Dist. LEXIS 68498, *18 (N.D. Fl., Sept. 25, 2006) ("once Alghamdi applied to this Court for relief [under § 1447(b), Defendants [USCIS *et al.*] were stripped of their power to process, grant, or deny the application. Defendants could only reacquire the ability to determine the application if this Court 'remand[ed] the matter . . . to the service,' and then only under 'appropriate instructions' from the Court."). To this list, Plaintiff adds *Al Saidi v. Jenifer*, 2005 U.S. Dist. LEXIS 35466, *10 (E.D. Mich., Dec. 23, 2005) ("The plain language of the statute, the implementing regulations and policy considerations under § 1447(b) stripped CIS of its jurisdiction to render a determination on Plaintiff's naturalization application when Plaintiff filed his Complaint."); *Fuks v. Devine*, 2006 U.S. Dist. LEXIS 50280, *2 (N.D. Il., July 20, 2006) ("The *Hovsepian* and *Meraz* courts found that once 1447(b) is properly invoked, it grants exclusive jurisdiction to the district court….we agree with *Hovsepian* and *Meraz*…."); *Kalla v. Chertoff*, 2007 U.S. Dist. LEXIS 8324, *5-6 (N.D. Ga., Feb. 6, 2007) ("[T]he Ninth Circuit, in an en banc [sic] decision, carefully analyzed the statutory language, its context, and Congress's policy objectives and concluded that Section 1447(b) grants the district court exclusive jurisdiction….This Court finds the Ninth Circuit's well-reasoned analysis in *Hovsepian* persuasive.")

2. *The Fourth Circuit*

Four district courts in the Fourth Circuit have considered whether § 1447(b) is a jurisdiction-stripping statute, and two of these, *Kia v. United States INS*, 175 F.3d 1014 (4th Cir. 1999) and *Etape v. Chertoff*, 446 F. Supp. 2d 408 (D. Md. 2006), have found that § 1447(b) does strip the CIS of jurisdiction. Two other cases join the majority of courts which follow

*Hovsepian. Castracani v. Chertoff*, 377 F. Supp. 2d 71 (D.D.C. 2005) and *Epie v. Caterisano*, 402 F. Supp. 2d 589 (D. Md., 2005). In *Kia*, a Fourth Circuit panel affirmed the district court's dismissal of a §1447(b) complaint as moot because the INS had denied the plaintiff's application for naturalization while the complaint was pending. However, *Kia* was decided prior to *Hovsepian*, and relied on a Ninth Circuit decision that was distinguished and overruled in *Hovsepian*. Further, unlike *Hovsepian*, *Kia* does not include a detailed analysis of § 1447 or its legislative history. *See Kalla v. Chertoff*, 2007 U.S. Dist. LEXIS 8324, *7 (N.D. Ga., Feb. 6, 2007). *Perry* cites to, and heavily relies on, *Etape,* which held that § 1447(b) provided for concurrent jurisdiction between the CIS and the district court. *Etape*, 446 F. Supp. 2d at 413.

### 3. The Third Circuit

Even within the Third Circuit, *Perry* is not the only, or final, word. In an unpublished opinion from the Western District of Pennsylvania, the district court denied the Government's motion to dismiss on the ground that CIS lost its jurisdiction over the claim once the plaintiff sought relief in federal court under § 1447(b), a decision that was not challenged on appeal. *lgergawi v. Sec'y of Dep't of Homeland Sec.*, 170 Fed. Appx. 231, 233, n2 (3d Cir., 2006) (unpublished).

### 4. The Eighth and Tenth Circuits

In Eighth Circuit, the District Court of Minnesota has issued two opinions which both support the Defendants' position, *Farah v. United States AG*, 2006 U.S. Dist. LEXIS 23948 (D. Minn., Apr. 26, 2006) and *Essa v. United States Citizenship & Immigration Servs.*, 2005 U.S. Dist. LEXIS 38803 (D. Minn., Dec. 14, 2005). However, neither of these opinions provides even a single line of analysis, and by all appearances, the courts (and presumably counsel) never considered the question before this court, namely whether § 1447(b) strips the CIS of jurisdiction to adjudicate an application for naturalization. No courts in the Tenth Circuit appear to have addressed this issue.

4

5. *The Fifth Circuit*

In this Circuit, the Southern District of Texas cited to *Hovsepian* and *Castracani* approvingly in *Ibrahim v. Dep't of Homeland Sec.*, 2005 U.S. Dist. LEXIS 40578, *7 (S.D. Tx., Sept. 13, 2005). And the Court of Appeals, in dicta, explained that, "[O]ther district courts have held that once a § 1447(b) petition is filed, district courts have exclusive jurisdiction, stripping the CIS of the ability to deny or approve an application," citing *Hovsepian*, *Zaranska*, and *Castracani*. The Court distinguished these cases from the case at bar on factual grounds, and gave no citations to any cases which found concurrent jurisdiction. This does not establish Fifth Circuit precedent for the Plaintiff's position that § 1447(b) strips jurisdiction from the CIS, however it is clearly an indication that the Court of Appeals considers these cases, and their interpretation of § 1447(b)'s grant of exclusive jurisdiction on the district court, to be legitimate.

**C. Summary**

In sum, the Defendants' position is supported by two district court cases in the Eighth Circuit which performed no analysis of the issue at all; two district court cases in the Fourth Circuit, one of which was issued pre-*Hovsepian*; and the district court case from the Third Circuit which Defendants cite. By contrast, Plaintiff's position is supported by an *en banc* decision of the Ninth Circuit, and at least ten district court cases from the First, Second, Fourth (two cases), Sixth, Seventh (three cases), and Eleventh (two cases) Circuits, plus dicta from the Fifth Circuit Court of Appeals and the Southern District of Texas. The number of cases, the breadth of courts, and the depth of analysis provided by the cases which support the Plaintiff's position far outweigh the support given to the Defendants' position by the few, perfunctory cases Plaintiff has identified.

Thus it is clear that the majority of courts to consider this issue have held that § 1447(b) strips the CIS of jurisdiction to consider an application for naturalization once the applicant has properly invoked the district court's jurisdiction under § 1447(b). Further the Fifth Circuit Court

5

of Appeals has given its imprimatur to the analysis of *Hovsepian*, *Zaranska*, and *Castracani*, all of which support the Plaintiff's position.

Defendants asserted that "[i]f *Hovsepian* were the only case that had ruled on this issue, Plaintiff might have some argument." *Hovsepian* is not the only case that has so ruled; it is joined by a chorus of other cases in support of its position.

As for Defendants' assertion that Plaintiff's counsel is trying to "have it both ways," by moving to dismiss the Mena case once Mr. Mena's naturalization was granted, this was an unopposed motion. With Mr. Mena's sought-after relief obtained, the court's intervention was no longer needed. As both sides agreed the court's intervention was no longer required and both parties agreed dismissal was in the best interests of all involved.

## II.    Section 1429 Strips Defendants of Jurisdiction to Act on an Application for Naturalization Once Removal Proceedings Are Initiated Against the Applicant

Although Plaintiff made this argument in his first Reply, Defendants do not address this issue at all in their Response. (Def. Response at 2, listing only Plaintiff's argument that § 1447(b), and not § 1429, strips the CIS of jurisdiction to consider an application for naturalization.) Plaintiff assumes that Defendants have thus waived any objections to this argument, and conceded that § 1429 strips the CIS of jurisdiction to act on an application for naturalization once removal proceedings against the applicant have been filed with the Immigration Judge.

## III.   Section 1429 Bars the Attorney General, and not the District Courts, from Acting on an Application for Naturalization Once a Complaint Is Filed in District Court

Defendants state that "under 8 U.S.C. § 1429 the district judge is only stepping into the shoes of the Attorney General when the court assumes naturalization jurisdiction. The district [sic] would have no more or no less authority than the Attorney General. Therefore, this Court does not have jurisdiction over the complaint because Plaintiff is in removal proceedings…."

6

(Def. Response at 4-5.)  Defendants cite to no authorities to support these propositions.

The question before this Court is whether § 1429, which on its face bars the Attorney General from reviewing naturalization applications while removal proceedings are pending, applies also to the district court.  Merely stating that "the district judge is only stepping into the shoes of the Attorney General" does little to aid the Court with this question.  The Plaintiff refers the Court back to his Reply for his discussion of the effect of § 1429 on the District Court's jurisdiction.

Further, the Plaintiff emphasizes that Defendants' position is an oversimplification of the statutory scheme and legislative history of the Immigration and Naturalization Act (INA).  Before October 1, 1991, applicants for citizenship applied for naturalization directly in the United States district court.  See *Tutun v. United States*, 270 U.S. 568 (1926).  The predecessor of the CIS, the Immigration and Naturalization Service (INS), would investigate the applicant and supply the court with a report and non-binding recommendations.  See 8 C.F.R. § 335.11 (1990).  In response to backlogs in the district courts, the Immigration Act of 1990, Pub. L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48 (Nov. 29 1990) (the "1990 Amendments"), removed jurisdiction from the district courts and placed "sole authority to naturalize persons as citizens of the United States [with] the Attorney General."  8 U.S.C. § 1421(a).  "A central purpose of the statute was to reduce the waiting time for naturalization applicants."  *Hovsepian*, 359 F.3d at 1163 (citing Naturalization Amendments of 1989, 135 Cong. Rec. H4539-02, H4542).  Federal statutes and regulations provide procedures for applicants to contest denials before naturalization officers within the CIS.  *See* 8 U.S.C. §§ 1446-1447; 8 C.F.R. §§ 335.1, 335.2, 336.2; *see also Aparicio v. Blakeway*, 302 F.3d 437, 440 (5th Cir. 2002) (describing the application process).  *Kai Tung Chan v. Gantner*, 464 F.3d 289, 290-91 (2d Cir. 2006).

The 1990 Amendments also provided for *de novo* judicial review in the district courts of the CIS's denials of applications for naturalization.  *See* 8 U.S.C. § 1421(c).  As the Tenth

7

Circuit has noted, "[t]his grant of authority is unusual in its scope — rarely does a district court review an agency decision *de novo* and make its own findings of fact." *Nagahi v. INS*, 219 F.3d 1166, 1169 (10th Cir. 2000). "[E]ven if the INS is allowed to make the initial decision on a naturalization application, the district court has the final word and does not defer to any of the INS's findings or conclusions." *Hovsepian*, 359 F.3d at 1162 (emphasis omitted); *see also Boatswain v. Gonzales*, 414 F.3d 413, 415 n.2 (2d Cir. 2005); *Aparicio*, 302 F.3d at 445 ("Judicial review of naturalization denials is always available and is *de novo*, and is not limited to any administrative record but rather may be on facts established in and found by the district court."). *Kai Tung Chan*, 464 F.3d at 291.

Thus it is an oversimplification to suggest, as Defendants do, that the district court is merely stepping into the shoes of the Attorney General, and thus is limited in its authority to that granted to the Attorney General. This statutory scheme reflects the long history that the district courts have had in reviewing applications and granting naturalization, and gives the courts the final word in naturalization decisions. One cannot read "Attorney General" to mean "District Courts" under such a complex, and richly historical, statutory scheme.

## IV.   Exhaustion of Administrative Remedies Is Not Necessary, or Even Possible, in the Absence of a Valid Denial of Plaintiff's Application for Naturalization

Defendants lump this issue with the question of whether § 1447(b) strips the CIS of jurisdiction to determine an application for naturalization. This is legitimate, and thus Plaintiff refers the Court to its discussion of § 1447(b) above, and reasserts that because he properly invoked this Court's jurisdiction under § 1447(b) prior to CIS's denial of his application, such application is invalid, and thus exhaustion of administrative remedies is neither possible nor necessary.

## V.   Defendants Incorrectly Assert that Plaintiff Is Convicted of an Aggravated Felony.

Defendants have asserted that Plaintiff is convicted of an aggravated felon. (Def. Motion

to Dismiss at 2; Def. Resp. at 5.)  This is a legal conclusion that the Defendants are not qualified

to make.  The proper authority for such a determination is the Immigration Judge, and this issue

has not been addressed by the Immigration Judge yet.

      For the foregoing reasons, Plaintiff Mr. Dimopoulos respectfully requests that this Court

DENY the Defendants' Motion to Dismiss.


Dated:14 February 2007, and


Respectfully submitted,

*/s/ Simon Azar-Farr*

_____

Simon Azar-Farr
State Bar of Texas Number 00795953
Federal Id Number 19787
SIMON AZAR-FARR & ASSOCIATES
A Professional Corporation
2313 North Flores
San Antonio, TX 78212
(210) 736-4122 Telephone
(210) 736-4143 Facsimile
Attorneys for Plaintiff


**Certificate of Sevice**

I certify that I served a true and correct copy of the foregoing PLAINTIFF'S REPLY IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT on counsel for the
Defendants Mr. Gary Anderson by way of this Court's CM/ECF electronic filing system on
February 14, 2007.



*/s/ Simon Azar-Farr*

_____

Simon M Azar-Farr
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

THEODOROS GEORGE DIMOPOULOS,

Plaintiff,

versus                                      Case No. SA-06-CA-1011-OG

ALBERT WILEY BLAKEWAY, ACTING DISTRICT DIRECTOR
FOR THE CITIZENSHIP AND IMMIGRATION SERVICES, et alia,

Defendants.

## ORDER

     Pending before the Court is the Defendants' Motion to Dismiss.  After considering the Motion and other matters of record, the Court finds that the motion is not meritorious and should be denied.

     IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss should be and is hereby DENIED.

Signed: _____          _____

                                   ORLANDO GARCIA
                                   U S District Judge