```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| THEODOROS GEORGE DIMOPOULOS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action |
| | § | No. C-07-127 |
| ALBERT WILEY BLAKEWAY, ACTING | § | |
| DISTRICT DIRECTOR FOR THE | § | |
| CITIZENSHIP AND IMMIGRATION | § | |
| SERVICES, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiff Theodoros George Dimopoulos' motion for reconsideration of a portion of this Court's Order entered March 23, 2007 (D.E. 25), pursuant to Federal Rules of Civil Procedure 60(b)(6) and 59(e) (D.E. 28). Specifically, Plaintiff requests the Court to alter or amend the portion of its Order staying the instant case pending the outcome of removal proceedings against Mr. Dimopoulos. For the reasons set forth below, Plaintiff's motion for reconsideration is hereby DENIED, and this case remains stayed pending the outcome of removal proceedings against Plaintiff.

**I.   Rule 59(e) Motions**

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court. Fed. R. Civ. P. 59(e).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).  The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id.; see also Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued").  Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).  A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued.  See Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003)).

## II. **Board of Immigration Appeals Decision: Matter of Acosta-Hidalgo**

In this case, Plaintiff's allegedly "new" argument is based on a March 8, 2007 ruling by the Board of Immigration Appeals ("BIA") in Matter of Acosta-Hidalgo, 24 I. & N. Dec. 103, 108 (BIA March 8, 2007).  (Motion, pp. 2-3).  This ruling addresses an existing

regulation, 8 C.F.R. § 1239(f), which states that an "immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application for petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors".  In <u>Matter of Acosta-Hidalgo</u>, the BIA found that an immigration judge may not terminate removal proceedings pursuant to 8 C.F.R. § 1239(f) absent "some affirmative communication regarding the respondent's prima facie eligibility for naturalization from the DHS [Department of Homeland Security]."  <u>See</u> <u>Matter of Acosta-Hidalgo</u>, 24 I. & N. at 107-08.  The <u>Acosta-Hidalgo</u> BIA ruling was issued on March 8, 2007, well before Defendants' motion to dismiss was before this Court for consideration.  Plaintiff filed two responses to Defendants' motion to dismiss, the last one was filed on February 14, 2007 (D.E. 19).  After the BIA's March 8, 2007 ruling, Plaintiff could have filed a motion for leave to supplement his responses to the motion to dismiss, to include this supposedly vital information in the record.[1]  As noted above, a Rule 59(e) motion "cannot be used to raise arguments which ***could, and should, have been made before the judgment issued***."  <u>Simon</u>, 891 F.2d at 1159 (emphasis added).

---

[1]This case was transferred from the Western District of Texas to the Southern District of Texas on March 15, 2007.  Plaintiff could have filed a supplemental response to Defendants' motion to dismiss either in the transferor court or the transferee court prior to this Court's issuance of its Order on March 23, 2007.

Plaintiff has no grounds to submit this argument at this late date in a motion for reconsideration, as this argument could have been made before the Court issued its March 23, 2007 Order.[2]

III. **The Instant Action Must Remain Stayed**

Further, as noted in this Court's March 23, 2007 Order, several courts that have considered this issue have found a stay to be appropriate pending the outcome of removal proceedings against the naturalization applicant. See, e.g., Dominguez v. Ashcroft, 2004 WL 2632916, * 1 (D. Or. 2004); Meraz v. Comfort, 2006 WL 861859, *4 (N.D. Ill. 2006). Further, while Plaintiff relies mainly on a 1998 Virgin Islands case, Gatcliffe v. Reno, 23 F.Supp.2d 581 (D. V.I. 1998), this case is contradicted by a recent 2006 Fifth Circuit case, which found that "because the Attorney General was barred by 8 U.S.C. 1429 from reviewing [the

---

[2]Moreover, despite Plaintiff's implication to the contrary, the Acosta-Hidalgo decision does not state that to terminate removal proceedings, an immigration judge requires a communication from a district court that an alien is prima facie eligible for naturalization. (See Motion for Reconsideration, p. 2, stating that "the immigration judge cannot terminate [Plaintiff's] removal proceedings unless this Court declares that he is prima facie eligible for naturalization"). Rather, the Acosta-Hidalgo decision focuses on how an immigration judge requires an affirmative communication **from the Department of Homeland Security** in order to terminate removal proceedings. See id. at 106 ("it is appropriate for the Board [of Immigration] and the Immigration Judges to require some form of affirmative communication from **the DHS** prior to terminating proceedings based on [an applicant's] pending naturalization application." Id. at 106 (emphasis added). Importantly, the Acotsa-Hidalgo decision does not find that in order to terminate removal proceedings, an immigration judge requires the decision of a district court that an applicant is prima facie eligible for naturalization.

applicant's] application [during the pendency of removal proceedings], by adjudging her claims for naturalization the district court would have been doing exactly what Congress stated it could not, which is rendering an opinion on an alien's prima facie naturalization claims." Ogunfuye v. Acosta, 2006 WL 3627144, *2 (5th Cir. 2006).[3]  While this Court found that Ogunfuye was distinguishable from the instant case for purposes of the Court retaining jurisdiction pursuant to 8 U.S.C. § 1447(b), the Fifth Circuit has stated nonetheless that a district court should not render "an opinion on an alien's prima facie naturalization claims" while removal proceedings are pending. Id.  That is what Mr. Dimopoulos is asking this Court to do -- despite pending removal proceedings, Mr. Dimopoulos requests this Court to declare that he is prima facie eligible for naturalization.  In light of Ogunfuye and the courts that have stayed such cases pending the outcome of removal proceedings, this Court declines to accept Mr. Dimopoulos'

---

[3] Plaintiff also refers to this Court's Order in Ibrahim v. Dep't of Homeland Security, 2005 WL 2230152 (S.D. Tex. 2005). Ibrahim is factually distinguishable from the instant case.  In Ibrahim, removal proceedings had not been officially instituted as of the time the Court took jurisdiction over the case. See id. at *5.  However, the Court's Order in Ibrahim unequivocally states that "Defendants are correct that *if removal proceedings had been commenced against Plaintiff, ... this Court likely would stay these proceedings until the conclusion of the removal proceedings*." Id. at *3.  In this case, removal proceedings were officially instituted against Mr. Dimopoulos prior to the date he filed the instant case in federal court, pursuant to 8 U.S.C. § 1447(b). This case is distinguishable from Ibrahim, and in Ibrahim the Court stated that it would likely stay the case if it were in the same procedural posture as the instant action.  See id.

invitation to alter or amend its March 23, 2007 Order in this case.[4]

## IV. Conclusion

For the reasons set forth above and for the reasons detailed in the Court's March 23, 2007 Order (D.E. 25), the Court hereby DENIES Plaintiff's motion for reconsideration in this case (D.E. 28), and the case remains STAYED pending the outcome of removal proceedings against Mr. Dimopoulos. As noted in the Court's March 23, 2007 Order, the parties are charged with the duty of providing

---

[4] The Court also notes that Plaintiff files his motion under both Federal Rules of Civil Procedure 59(e) and 60(b)(6). Rule 59(e) has been addressed above. Rule 60(b)(6) states that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any ... reason justifying relief from the operation of the judgment." For the reasons set forth above, the Court finds that there is no valid reason justifying relief from this Court's March 23, 2007 Order in this case. As noted above, Plaintiff could have made his argument regarding the BIA ruling in Matter of Acosta-Hidalgo prior to this Court's March 23, 2007 Order. Further, this Court has stayed the case pursuant to the 2006 Fifth Circuit case of Ogunfuye v. Acosta, as well as other courts that have stayed Section 1447(b) cases pending the outcome of removal proceedings. See Ogunfuye, 2006 WL 3627144 at *2. In this case, removal proceedings were not instituted solely because the Plaintiff filed a case in federal court, rather, removal proceedings were instituted well before Mr. Dimopoulos filed the instant action. There is no indication that removal proceedings have been instituted for an improper purpose, or that they are proceeding in an untimely matter. Rather, Plaintiff's motion for reconsideration indicates that an immigration judge has been assigned to the case, and this Court will allow the pending removal proceedings to reach their conclusion, at which point this Court will conduct a hearing, if necessary, on Plaintiff's naturalization application. Based on the above, this Court finds no valid reason to vacate its stay order pursuant to Federal Rule of Civil Procedure 60(b).

the Court with timely notice of the conclusion of such removal proceedings.

SIGNED and ENTERED on this 5th day of April, 2007.

_____
Janis Graham Jack
United States District Judge